IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZURICH AMERICAN INSURANCE CO. , and
AMERICAN GUARANTEE AND LIABILITY
INSURANCE CO.,
         Plaintiffs,

v.                                    Case No. 19-1275-JTM

JUSTIN F. TERRAZAS, and
CLAUDALE M. ARTERBURN, as Guardian and
Conservator of BRIAN D. ARTERBURN,
an adult with an impairment,
         Defendants.

## MEMORANDUM AND ORDER

In this declaratory judgment action brought by plaintiff insurers, the court by prior Order (Dkt. 41), granted in part and denied in part the defendants' motions to dismiss and stay. The court stayed the case pending the outcome of *Arterburn et al. v. Eddy's Chevrolet/Cadillac et al.*, Sedgwick County, Kansas Case No. 2018-cv-683-TC. The matter is now before the court on the insurers' motion for reconsideration. For the reasons stated herein, the court grants partial reconsideration and modifies the stay.

A motion to reconsider under Fed.R.Civ.Pr. 59(e) may be granted to correct manifest errors, or in light of newly discovered evidence; such a motion is directed not at initial consideration but reconsideration, and is appropriate only if the court has obviously misapprehended a party's position, the facts, or applicable law, has mistakenly decided issues not presented for determination, or the moving party produces new evidence which it could not have obtained through the exercise of due

diligence. *Anderson v. United Auto Workers*, 738 F.Supp. 441, 442 (D. Kan. 1989). A motion to reconsider is not "a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. GMC*, 846 F.Supp. 1482 (D.Kan.), *aff'd*, 43 F.3d 1484 (10th Cir. 1994). The resolution of the motion is committed to the sound discretion of the court. *Hancock v. City of Oklahoma City*, 857 F.2d 1394, 1395 (10th Cir. 1988).

The court adopts and incorporates its earlier Order. (Dkt. 41). What is new in the Motion for Reconsideration are two circumstances not previously presented to the court. First, on June 24, 2020, Justin Terrazas responded "No" to the interrogatory in the state action "Did you believe when you were driving the black 2016 Chevy Tahoe that you had the dealership's permission to use it?" Second, the state trial, originally scheduled to begin October 26, 2020, has been continued to March 22, 2021.

The court concludes that reconsideration is not justified as to the issue of permissive use. The new "admission" is simply one additional data point which does not alter the court's ultimate conclusion that the present matter should be stayed pending resolution of the state case. Defendant Arterburn stresses that she has not been able to cross-examine Terrazas on that statement. The interrogatory answer is a purely conclusory response, addressing an ultimate legal issue, purely from his own perspective. It does not address other potential factors relating to permissive use, including the conduct of the dealership in allowing Terrazas to have custody of the vehicle. With one exception, the court finds no reason to alter the balancing of relevant

factors as set out it its previous Order. *See State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979 (10th Cir. 1994).[1]

The exception to this is the issue of non-cooperation. This court has summarized the rules relating to a defense of non-cooperation:

> Under Kansas law, a "[b]reach of a cooperation clause in a liability insurance policy does not by itself reli[e]ve an insurer of responsibility. The breach must cause substantial prejudice to the insurer's ability to defend itself." *Boone v. Lowry*, 657 P.2d 64, 70 (Kan. Ct. App. 1983); *see also Boardwalk Apartments, L.C. v. State Auto Prop. and Cas. Ins.*, No. 15-2714-JAR, 2015 WL 197308, at *6, 18–19 (D. Kan. Jan. 14, 2015); *Potomac Ins. of Ill. v. Huang*, No. 00-4013-JPO, 2002 WL 418008, at *16 (D. Kan. Mar. 1, 2002). For example, our court, applying Kansas law, has found that breach of a cooperation clause by admitting liability in an underlying suit caused substantial prejudice because it affected the insurer's ability to defend the claims and limit its liability under the insurance contract. *See Youell v. Grimes*, 217 F. Supp. 2d 1167, 1174 (D. Kan. 2002). "Where an insurer seeks to avoid liability under its policy for failure of the [insured] to cooperate as required by a condition of the policy, the burden is on the insurer to establish the facts which bring the case within the specified condition in the policy." *Watson v. Jones*, 610 P.2d 619, 624 (Kan. 1980). "Lack of cooperation as a policy defense depends upon the facts and circumstances in each case." *Id.* at 626. In a case where an insurer argued it was entitled to deny coverage under a cooperation clause in part based on insured's failure to provide requested documents and information, the Kansas Court of Appeals applied the following standard, in addition to requiring substantial prejudice: "In order to prevail on [a] defense of noncooperation, the insurer must show, by a preponderance of evidence, an unreasonable and willful pattern of refusing to answer material and relevant questions or supply material and relevant documents." *Evergreen Recycle, L.L.C. v. Ind. Lumbermens Mut. Ins.*, 350 P.3d 1091, 1117 (Kan. Ct. App. 2015) (quoting 14 Couch on Insurance 3d § 199:39 (2014)). In *Evergreen*, the Kansas Court of Appeals found the insurer "failed to show that [the insured] did not cooperate and that the lack of cooperation

---

[1] The court similar finds that the delay of the state trial does not provide a substantial reason for reconsideration. The October, 2020 trial was mentioned in the court's prior Order (Dkt. 41, at 15), but it was not a substantial part of the court's balancing of the *Mhoon* factors.

3

resulted in substantial prejudice," so the court affirmed summary judgment in favor of the insured.

*Bedivere Ins. v. Blue Cross & Blue Shield of Kansas*, No. 18-2371-DDC, 2019 WL 4752051, at *25 (D. Kan. Sept. 30, 2019), *on reconsideration in part,* 2020 WL 5819612 (D. Kan. Sept. 30, 2020).

Arterburn provides no substantial response to the insurer's argument that the court should proceed to address the issue of non-cooperation, other than to complain the plaintiffs merely offer "some unsubstantiated remarks about non-cooperation," asking the court "to simply take their word for it, without reviewing any evidence on the issue." (Dkt. 44, at 4).[2] But this fundamentally misunderstands the plaintiffs' motion for reconsideration, which is nothing more than a request an opportunity to present evidence on the subject.

The issue of noncooperation will not be resolved in the state action. This court has not had the opportunity to review evidence relating to the issue, and Arterburn has failed to show how such a review would cause impermissible friction with the state proceeding, as defined in the relevant *Mhoon* analysis. Similarly, defendant makes no response to the authority cited by plaintiffs, *Medical Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010), holding under similar circumstances that the issue of noncooperation should be decided with a stay.

––––––––––––––––––––

[2] *See also id.* at 8 (defendant's motion "asserts a lack of cooperation on a 'take it or leave it' basis, despite evidence to the contrary"). Plaintiff Arterburn also complains generally that the motion for reconsideration is untimely. The court finds, however, that the motion was promptly and timely filed in light of the June 24, 2020 interrogatory response.

4

IT IS ACCORDINGLY ORDERED this day of October, 2020, that the court hereby denies in part and grants in part plaintiff's Motion for Reconsideration (Dkt. 42), and the court lifts the previously imposed stay to permit the parties to obtain and present by way of motion evidence touching on the issue of non-cooperation.

_J. Thomas Marten_
J. Thomas Marten, Judge