IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ZURICH AMERICAN INSURANCE )
COMPANY and )
AMERICAN GUARANTEE AND )
LIABILITY INSURANCE COMPANY, )
 )
                 Plaintiffs, )
 )
v. )    Case No. 19-1275-JWL
 )
JUSTIN F. TERRAZAS and )
CLAUDALE M. ARTERBURN as Guardian )
and Conservator of Brian D. Arterburn, )
 )
                 Defendants. )
 )
_____)

## MEMORANDUM AND ORDER

On two occasions during the course of this litigation, the Court granted a motion by plaintiffs to seal a particular exhibit; in each case, however, the Court stated that whether the exhibit remained sealed after conclusion of the litigation would be revisited at a later date. On October 14, 2021, after plaintiffs had indicated their intention to dismiss the case with prejudice, the Court issued an order requiring the parties to show cause why the two exhibits should not be unsealed (Doc # 86). In a joint response, plaintiffs and defendant Arterburn request that the exhibits remain sealed. The Court denies that request, however, and it orders the Clerk of Court to unseal the exhibits.

In addressing movants' request for the exhibits to be sealed, the Court applies the following standards articulated by the Tenth Circuit:

> Courts have long recognized a common-law right of access to judicial records. Although this common-law right is not absolute, there is a strong presumption in favor of public access. This strong presumption of openness can be overcome where countervailing interests heavily outweigh the public interests in access to the judicial record. Therefore, the district court, in exercising its discretion to seal or unseal judicial records, must weigh the interests of the public, which are presumptively paramount, against those advanced by the parties.
>
> Consistent with this presumption that judicial records should be open to the public, the party seeking to keep records sealed bears the burden of justifying that secrecy, even where . . . the district court already previously determined that those documents should be sealed.

*See United States v. Bacon*, 950 F.3d 1286, 1292-93 (10th Cir. 2020) (citations and footnotes and internal quotations omitted).

The exhibits at issue are (1) plaintiffs' Exhibit K in support of their motion for summary judgment, a transcript of a recorded telephone call involving defendant Terrazas while he was incarcerated; and (2) plaintiffs' Exhibit U in support of their opposition to defendant Arterburn's motion for summary judgment, a recorded video call involving Mr. Terrazas while incarcerated. In originally moving to seal the documents, plaintiffs argued only that the exhibits were subject to an agreed protective order in the underlying state-court suit, that plaintiffs sought to honor that order and the agreement with defendant Arterburn, and that the Court should seal the documents to avoid interfering with the state-court suit. In their present response, plaintiffs and Ms. Arterburn again cite the protective order, stating that it remains in effect after dismissal of the state-court suit, although they have not submitted a copy of either the protective order or the order of dismissal. They also argue that the parties to the state-court suit maintain their interests in preserving the

privacy of the exhibits, and that there is no compelling reason to make public the "unsworn, unchallenged assertions" made by Mr. Terrazas in the two calls.

The Court first notes that these parties' argument subverts the governing standard: there need not be a compelling reason for public access to the judicial records; rather, these parties must show that there is a compelling reason for sealing the records. In this case, the Court concludes in its discretion that these parties have not identified a reason for secrecy that heavily outweighs the public interest in access to judicial records.

The parties' only reason related to the contents of the exhibits is the fact that they contain unsworn allegations by Mr. Terrazas, specifically that an employee at a car dealership facilitated his access to a vehicle. Unsworn allegations in a lawsuit, however, are not unusual and do not by themselves provide a basis for sealing – otherwise, every unsworn complaint could be sealed. Moreover, plaintiffs and Ms. Arterburn have not explained why *they* have any interest in preventing public access to these calls involving Mr. Terrazas. Defendant Terrazas has not responded to the Court's show-cause order, and thus he has not claimed any interest in keeping these exhibits sealed. No other party potentially affected (for instance, the dealership or the employee) has sought to intervene to claim an interest in keeping the exhibits sealed; nor have plaintiffs and Ms. Arterburn provided evidence or even stated specifically that any such party does claim such an interest. Finally, the Court notes that the contents of these exhibits were described in various documents (the parties' summary judgment briefs and an exhibit containing interrogatory answers by plaintiffs) that were filed publicly and for which no party sought sealing. Thus, the fact that Mr. Terrazas made unsworn allegations in calls from prison is

already a matter of public record, and the actual records of the calls therefore add little to the public knowledge.[1]  There is also no reason to believe that there is a particular desire by the public to seek out this information.

The Court thus concludes that plaintiffs and Ms. Arterburn have not shown that sealing the exhibits is warranted by a compelling interest that overcomes the public interest in access to the judicial records of this case.  The Court therefore orders the Clerk of Court to unseal the exhibits.

IT IS THEREFORE ORDERED BY THE COURT THAT the request by plaintiffs and defendant Arterburn to keep two exhibits under seal is hereby denied.  The Clerk of the Court is hereby ordered to unseal the exhibits (Doc. ## 65-12, 67).

IT IS SO ORDERED.

Dated this 13th day of April, 2022, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

---

[1] Plaintiffs also noted in their unsealed summary judgment briefs that the employee denied the claims of Mr. Terrazas; thus, those claims are not "unchallenged" in the public record.